UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MICHAEL BARTLETT, | |
| Petitioner, | Case No. C18-1574-RAJ-JPD |
| v. | |
| PAUL PENZONE, | REPORT AND RECOMMENDATION |
| Respondent. | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Alan Bartlett is currently confined at the Lower Buckeye Jail in Phoenix, Arizona pursuant to state court charges which are apparently pending against him in Maricopa County, Arizona. He has presented to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge the refusal of the Washington State Bar Association ("WSBA") to investigate his complaints against a Washington attorney appointed to represent him in a federal criminal action in the District of Alaska, and the refusal of the Washington Supreme Court to consider his appeal of the WSBA's decision. This Court, having reviewed the petition, and the materials submitted in support thereof, concludes that petitioner's federal habeas petition should be dismissed for lack of jurisdiction.

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

The claims asserted by petitioner in this federal habeas action relate to a federal criminal case which was prosecuted against him in the District of Alaska. *See United States v. Alan Michael Bartlett*, 3:13-cr-00044-RRB (Dist. of Alaska). Petitioner was convicted in that case on July 27, 2015 following a jury trial, and he was sentenced on October 19, 2015 to a term of 156 months imprisonment. Petitioner was represented at trial and during sentencing by Seattle attorney Gilbert Levy. Mr. Levy filed a notice of appeal on behalf of petitioner on October 21, 2015, and was thereafter relieved as counsel. The Ninth Circuit affirmed petitioner's conviction on January 24, 2017, and issued its mandate on July 13, 2017. Petitioner subsequently filed petitions under 28 U.S.C. § 2254 and 28 U.S.C. § 1651 in the District of Alaska raising claims related to his criminal conviction in that District. *See Bartlett v. Penzone*, 1:18-cv-00013-JKS (Dist. of Alaska); *Bartlett v. Penzone*, 1:18-cv-00017-TMB (Dist. of Alaska). Both petitions were dismissed without prejudice to petitioner asserting his claims by way of a motion under 28 U.S.C. § 2255.

Petitioner submitted the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 to this Court for filing on October 25, 2018. (Dkt. 1.) Petitioner asserts two grounds for relief in his petition: (1) the Washington Supreme Court violated his due process rights when it refused to accept an appeal of the WSBA's dismissal of his complaint against Mr. Levy which was based upon alleged deficiencies in Mr. Levy's representation of petitioner in his District of Alaska criminal proceedings; and, (2) the WSBA violated his Eighth Amendment rights when it refused to investigate petitioner's claims against Mr. Levy. (*See* Dkt. 9-1 at 6-7.)

Section 2254(a) provides that a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Petitioner makes clear in his petition that he is not seeking to challenge the judgement of a state court.  Though petitioner, in his petition, takes issue with the refusal of the WSBA and the Washington Supreme Court to entertain his allegations of misconduct against Mr. Levy, petitioner is, in essence, challenging the adequacy of the representation he received from Mr. Levy in his criminal proceedings in the District of Alaska.  Such challenges are properly brought under 28 U.S.C. § 2255 in the sentencing court and may not be brought under § 2254. Petitioner's § 2254 petition must therefore be dismissed.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in his petition.

REPORT AND RECOMMENDATION
PAGE - 3

CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus be dismissed with prejudice for lack of jurisdiction. This Court further recommends that petitioner's application for leave to proceed *in forma pauperis* be denied as moot. Finally, this Court recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than February 5, 2019. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 8, 2019.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 14th day of January, 2019.

JAMES P. DONOHUE
United States Magistrate Judge